Frank G. Poole v. Commissioner.
Poole v. Commissioner
Docket No. 91156.
United States Tax Court
T.C. Memo 1962-166; 1962 Tax Ct. Memo LEXIS 143; 21 T.C.M. (CCH) 931; T.C.M. (RIA) 62166; July 12, 1962
*143 Frank G. Poole, pro se., 3919 Brook Rd., Richmond, Va. Douglas O. Tice, Jr., Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined deficiencies in income tax against petitioner for the following years and amounts: Year
Deficiency
1957
$268.20
1958
565.35
1959
691.50
Petitioner claims an overpayment of income tax for the year 1958 in the amount of $139.84. Petitioner, Frank G. Poole, resides at 3919 Brook Road, Richmond, Virginia. He filed Federal income tax returns for the taxable years 1957, 1958 and 1959 with the district director of internal revenue at Richmond, Virginia. For the taxable year 1958 petitioner filed an original and an amended income tax return. The issues which emerge arise out of interpretation, inference, and substantiation of facts in the background of the burden of proof (which lies with petitioner) rather than disputes of fact in the ordinary sense. Under the circumstances, there appears to be no occasion for separate Findings of Fact. To the extent material to the issues, the facts will be presented in this Opinion. Contributions Petitioner claimed the allowance of contributions *144 for the following years and amounts: 1957 - $937; 1958 - $1,808; 1959 - $957. Petitioner kept no records of his contributions. He based the amounts deducted in his return on estimates which were substantially ten percent, twenty percent and ten percent of his salary for the respective years 1957, 1958 and 1959. Respondent denied the entire amounts claimed for want of substantiation. Our observation of petitioner, and his testimony, satisfy us that he made substantial contributions in each of the years in question. We think that the application of the principles announced in is warranted. We therefore allow the following amounts as contributions for the respective years in question: 1957 - $470; 1958 - $450; 1959 - $480. Depreciation The amounts of depreciation claimed by petitioner and the amounts disallowed by respondent are as follows: Year
Claimed
Disallowed
1957
$ 800
$279.18
1958
1,100
449.08
1959
1,560
511.86
Petitioner admits that his calculations of depreciation were based on his estimate of value rather than on cost. He further admits that he made no adjustment or allocation to land. *145 Moreover, he based his calculation on the full value of residence property although he himself occupied part of the property as his own residence. We find no evidence in the record to support depreciation allowance in excess of that allowed by respondent. Interest, Taxes and Repairs with Respect to Rental Properties Petitioner offered no evidence with respect to claimed deductions for interest, taxes and repairs to rental properties. It is assumed that issues relating to these adjustments have been abandoned by petitioner. In any event, he has failed to sustain the burden of proof of error on the part of respondent in these respects. Capitalization of Expenditures In 1958, petitioner purchased a house to be used for rental purposes. The upstairs part of the house was unfinished in 1959. To make it usable, petitioner put up a floor and walls and finished the bathroom. Respondent determined that expenditures of $816.61 for the afore-mentioned purposes should be capitalized, and disallowed in petitioner's claim for an expense deduction in relation thereto. We find no error in respondent's determination. Increase in Compensation In 1959, petitioner received a share of *146 stock from his employer. Respondent determined that the stock represented income to petitioner at its fair market value which respondent determined to be $267.13. Petitioner argues that the stock was transferred to him by his employer as an incentive, and that the incentive would be destroyed, at least in part, if the stock were subjected to taxation. Assuming petitioner's contention to be correct, the transfer of the stock to him at its fair market value nevertheless represented taxable income to him, and petitioner has demonstrated no error in respondent's determination. Decision will be entered under Rule 50.